UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

Case No. 2:14-cr-20136-1
2:19-cv-10736

v.

HONORABLE STEPHEN J. MURPHY, III

RONNIE EDWARD DUKE,

        Defendant/Petitioner.

                                  /

**<u>ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE [44]</u>**

On July 29, 2016, the Court entered judgment against Defendant Ronnie Edward Duke and sentenced him to 97 months' imprisonment. ECF 31.[1] On August 2, 2016, Defendant filed a notice of appeal. ECF 32. On August 29, 2017, the Sixth Circuit affirmed Defendant's sentence. ECF 40. On February 20, 2018, the United States Supreme Court denied Defendant's petition for a writ of certiorari. ECF 43. On March 11, 2019, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF 44. Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" by revealing that the motion is untimely, the Court finds that a response from the government and a hearing are unnecessary. *See* 28 U.S.C. § 2255(b); *see also* E.D. Mich. LR 7.1(f). The Court will deny the motion.

---

[1] All citations are to the criminal docket.

1

"A 1-year period of limitation shall apply to a" § 2255 motion to vacate a sentence. 28 U.S.C. § 2255(f). The one-year period runs from "the date on which the judgment of conviction becomes final" unless: (1) there is a "governmental action in violation of the Constitution or laws of the United States" that prevents the movant from making his motion; (2) the right asserted is "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" after the date on which the judgment became final; or (3) "the facts supporting the claim or claims presented" could not "have been discovered through the exercise of due diligence" until after the one-year period expired. *Id.* Here, Defendant does not qualify for an exception to the one-year statute of limitations. First, Defendant's asserted right is the right against ineffective assistance of counsel, which is not a newly-recognized right. *See, e.g.*, *Strickland v. Washington*, 466 U.S. 668 (1984). Second, the motion does not indicate that the government took any actions to prevent Defendant from filing his motion or that Defendant failed to—much less was unable to—discover the facts supporting his claim until after the one-year period expired. Defendant therefore had one year from the date on which his conviction became final to file a § 2255 motion.

"[A] conviction becomes final for purposes of collateral attack at the conclusion of direct review." *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002) (citing *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). "[D]irect review is concluded when the Supreme Court either denies the petition or decides the case." *Id.* (citing *Johnson*, 246 F.3d at 647). Here, the United States Supreme Court denied

Defendant's petition for a writ of certiorari on February 20, 2018. ECF 43. And Defendant filed his § 2255 motion on March 11, 2019. ECF 44. Defendant therefore filed his motion more than one year after his judgment of conviction became final. And his only explanation is that he had to file his motion for en banc hearing in the Sixth Circuit pro se because his attorney refused to do so. ECF 44, PgID 349. But he admits that his pro se motion was denied on October 12, 2017—before the date on which the Supreme Court denied his petition for certiorari and his conviction became final. His explanation therefore does not affect the Court's timeliness analysis. Defendant's motion to vacate his sentence will be denied as untimely.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion to vacate sentence [44] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** the civil case, 2:19-cv-10736.

**IT IS FURTHER ORDERED** that an appeal from this decision could not be taken in good faith and would be frivolous. 28 U.S.C. § 1915(a)(3). And reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **DENIES** Plaintiff a certificate of appealability and leave to appeal in forma pauperis.

**SO ORDERED.**

Dated: June 19, 2019

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Court Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 19, 2019, by electronic and/or ordinary mail.

                                                s/ David P. Parker
                                                Case Manager